CHARLES E. DENISON, JR., et al., Respondents, v. BP OIL CORPORATION, Appellant.— Appeals from (1) an order of the Supreme Court, Schenectady County, which granted plaintiffs' motion to strike defendant's answer and

counterclaim, directed summary judgment in favor of plaintiffs for the relief demanded in their complaint and denied defendant's cross motion for summary judgment, and (2) an order denying defendant's motion to reargue its cross motion for summary judgment. On October 8, 1969 the litigants executed an option agreement granting the appellant the right to purchase certain real property owned by the respondents for the sum of $125,000. Subsequently, on March 30, 1970, after several extensions, appellant exercised the option, and proceedings were thereafter commenced to obtain a necessary amendment to the zoning ordinance to permit the desired construction and operation of a gasoline service station. However, on July 6, 1970 the Town of Niskayuna Planning Board recommended that the zoning ordinance not be changed and on December 15, 1970 the Town Board followed that recommendation and denied the petition. On December 28, 1970 respondents commenced an article 78 proceeding to set aside the determination of the Town Board in which, on March 12, 1971, they eventually proved successful. Meanwhile, on January 3 or 4, 1971 respondents received a communication from appellant dated December 29, 1970 advising them that appellant had elected to terminate the option agreement pursuant to paragraph 8 thereof. Following their success in the article 78 proceeding respondents commenced the instant action. Paragraph 8 of the option agreement provides in pertinent part that appellant could terminate the option agreement without breach if it was "unable to procure all necessary permits, licenses, consents and authorization * * * or * * * shall determine at any time that said permits cannot be obtained". (Italics added.) We concur with Special Term that, viewing the contract in its entirety, this language did not permit the appellant to unilaterally determine in its sole discretion and without any justification that the necessary permits were unobtainable. We cannot construe the reasonable intent of the contracting parties to be otherwise. The pivotal question is thus whether the appellant's termination by its letter of December 29, 1970 was justified under facts present in the instant case. Special Term held that appellant was not justified and we concur on the instant record in this decision. Appellant's appeal from the denial of its motion to reargue must be dismissed since no appeal lies from the granting or denying of such motion (*Arena* v. *City of New York*, 23 A D 2d 847). Order affirmed, with costs. Appeal from order denying motion for reargument dismissed, without costs. Herlihy, P. J., Sweeney, Kane and Reynolds, JJ., concur; Staley, Jr., J., not voting.